UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


**EDDIN TIRADO, o/b/o E.T.,**

    **Plaintiff,**

**V.**                                          **Case No: 8:11-CV-1048-SPC**

**COMMISSIONER OF SOCIAL
SECURITY,**

    **Defendant.**

_____/

## **ORDER**

This matter comes before the Court on Plaintiff's Petition for Attorney Fees (Doc. #29) filed on July 10, 2012. The Motion indicates that Defendant has no objection to the Motion. The Plaintiff in this cause sought judicial review of the Commissioner's denial of Social Security benefits. On April 11, 2012, the Court issued an Order remanding this matter to the Commissioner of Social Security (Doc. #19) under sentence four of 42 U.S.C. § 405(g). The Judgment was entered on April 12, 2012.

In order for the Plaintiff to be awarded fees under the Equal Access to Justice Act (EAJA) the following five (5) conditions must be established: (1) the Plaintiff must file a timely application for attorney's fees; (2) the Plaintiff's net worth must have been less than two $2 million dollars at the time the Complaint was filed; (3) the Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances which would make the award unjust. 28 U.S.C. § 2412(d); <u>Commissioner INS, v. Jean</u>, 496 U.S. 154, 158 (1990).

The Court concludes that all five conditions of the EAJA have been met and the Defendant does not oppose the Court's findings.

EAJA fees are determined under the "loadstar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. Jean v. Nelson, 863 F.2d 759, 773 (11th Cir. 1988). There is a strong presumption that the resulting fee is reasonable. City of Burlington v. Dague, 505 U.S. 557, 562 (1992).

Determination of the hourly rate is a two-step process. First, the Court determines the prevailing market rate; then if the prevailing market rate exceeds $125.00 per hour the Court determines whether to adjust the hourly rate. Meyer v. Sullivan, 958 F.2d 1029, 1033-1034 (11th Cir. 1992). The prevailing market rates must be determined according to top rates customarily charged for similarly complex litigation, and are not limited to rates normally charged in Social Security cases. Watford v. Heckler, 765 F.2d 1562, 1568 (11th Cir. 1985).

In this case, Plaintiff seeks $3,954.91 and has submitted the following computation of fees:

| Name | Time | Rate | Total |
| --- | --- | --- | --- |
| Michael Steinberg | 5.4 hours | $180.59 an hour | $975.18 |
| Dax J. Lonetto | 16.5 hours | $180.59 an hour | $2,979.73 |

In Reeves v. Astrue, 526 F.3d 732, 735–738 (11th Cir. 2008), the Eleventh Circuit found that the EAJA statute unambiguously directs an award of attorney's fees to the party and not the party's attorney, but declined to address arguments regarding an offset of a federal debt. Id. at 738. In Astrue v. Ratliff, 130 S. Ct. 2521, 2526-27, 177 L. Ed. 2d 91 (2010), the United States Supreme

Court affirmed the line of cases finding that EAJA fees are payable to litigants, not counsel, and further found that the fee award is subject to offset where a litigant has outstanding federal debts.

The Court finds that $180.59 per hour is a reasonable rate for the Tampa, Florida region and that 20.9 hours is a reasonable amount of time spent on the file. Therefore, good cause exists to pay the fees under the Equal Access to Justice Act. Furthermore, the costs and payment of fees is reasonable and allowable under the EAJA.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Petition for Attorney Fees (Doc. #29) is **GRANTED**. Plaintiff is awarded attorney's fees in the amount of $**3,954.91**.

(2) The Clerk of Court is directed to enter an Amended Judgment awarding the Plaintiff **$3,954.91** in attorney's fees.

**DONE** and **ORDERED** in Fort Myers, Florida this 11th day of July, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record